**CLAYEO C. ARNOLD**
**A Professional Corporation**
**Clayeo C. Arnold, SBN 65070**
**Kirk J. Wolden, SBN 138902**
**608 University Avenue**
**Sacramento, CA 95825**
**Telephone: (916) 924-3100**
**Fax:   (916) 924-1829**

**Attorney for the Class**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## (OAKLAND DIVISION)

| | |
|---|---|
| **RICH PERRY and DONNA PERRY for themselves and on behalf of those similarly situated,** | No.  C 08-00834 MEJ |
| **Plaintiffs,** | **INDIVIDUAL AND CLASS ACTION COMPLAINT FOR EQUITABLE RELIEF AND RESTITUTION, AND FOR DAMAGES** |
| vs. | |
| **SUPERIOR FIREPLACE COMPANY; LENNOX HEARTH PRODUCTS, INC.; LENNOX INTERNATIONAL, INC. and DOES 1 through 25, Inclusive,** | **Demand for Jury Trial** |
| **Defendants.** | |

Plaintiffs, RICH PERRY and DONNA PERRY, by and through Plaintiffs' undersigned counsel, individually and on behalf of all others similarly situated, hereby set forth in this Individual and Class Action Complaint claims for equitable, injunctive and declaratory relief, restitution, and damages.

This Class Action is brought on behalf of all Consumers (referred to herein collectively as "Plaintiffs," "class members," "Consumers" and "Homeowners") who purchased a HAZARDOUS FIREPLACE or a home or other residential dwelling or space with a HAZARDOUS FIREPLACE installed in it.  HAZARDOUS FIREPLACES, as that phrase is defined at paragraph 8, infra, have been developed, designed, manufactured, assembled, tested, marketed, promoted, advertised,

Individual and Class Action Complaint         1

sold and/or distributed by defendants SUPERIOR FIREPLACE COMPANY, LENNOX HEARTH PRODUCTS, INC., and LENNOX INTERNATIONAL, INC. since at least 1999.

HAZARDOUS FIREPLACES are hazardous and should not have been sold to the CLASS because said FIREPLACES are designed such that the glass front of same, installed in homes at a height accessible even to small children and infants, can, and under reasonably expected consumer use does, reach temperatures well in excess of that necessary to cause third degree burns even from momentary contact with the super heated glass.

Defendants have and continue to their significant financial gain to sell HAZARDOUS FIREPLACES despite knowledge of the extreme danger posed by the unguarded glass front, and without taking any or reasonable steps to mitigate that unreasonable danger.

WHEREFORE, plaintiffs individually and on behalf of the CLASS aver as follows:

1. At all times relevant to this action, Defendants intentionally, recklessly, and/or negligently concealed, suppressed, omitted, and misrepresented the risks, dangers, defects and disadvantages of their HAZARDOUS FIREPLACES and advertised, promoted, marketed, sold, and distributed HAZARDOUS FIREPLACES as a safe fireplace when, in fact, Defendants had reason to know, and did know, that their HAZARDOUS FIREPLACE was not safe or even useable at all for its intended purposes, and that their HAZARDOUS FIREPLACES posed a serious safety risk, including the risk of inflicting maiming and other catastrophic physical injuries to all individuals, including but not limited to small children, coming in contact with a HAZARDOUS FIREPLACE.

2. Pursuant to Rules 23(b)(1), 23(b)(2), 23(b)(3), and/or 23(c)(4)(A) of the Federal Rules of Civil Procedure, Plaintiffs will seek certification of a national Consumer Class consisting of:

> **All consumers who are residents and/or domiciliaries of the United States and who own homes or other residential dwellings in which one or more HAZARDOUS FIREPLACES have been installed within ten (10) years prior to the date of the filing of this complaint.**

3. This is a Class Action filed on behalf of a national class of Consumers residing in the United States who own homes and other residential dwellings installed with one or more HAZARDOUS FIREPLACES, which FIREPLACES were installed within ten (10) years prior to the

Individual and Class Action Complaint        2

date of the filing of this complaint.  This action seeks injunctive and declaratory relief, damages, restitution, and disgorgement arising out of Defendants' wrongful misconduct resulting in the distribution and sale of HAZARDOUS FIREPLACES.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because this action is between citizens of different states, a class action has been plead, and the matter in controversy exceeds the sum or value of $5,000,000.00 exclusive of interests and costs.  None of the causes of action stated herein have been assigned or otherwise given to any other court or tribunal.

5.    Venue is proper in this District pursuant to 28 U.S.C.  1391(a), (b) and (c), 28 U.S.C. 1407 and 28 U.S.C.  22.  Defendants do substantial business in the State of California, and within this Federal Judicial District, moreover, based on information and belief, they are registered to and in fact doing business within the State of California, and otherwise maintain requisite minimum contacts with the State of California.  Additionally, Defendants advertise in this district, receive substantial compensation and profits from sales of HAZARDOUS FIREPLACES in this District, and have and continue to conceal and make material omissions in this District so as to subject them to in personam jurisdiction in this District.  Furthermore, venue is proper in this District because at least one HAZARDOUS FIREPLACE to which this litigation relates is installed, inter alia, in representative **CLASS** plaintiff's home located in this District and Division.[1]

## PLAINTIFFS

6.    At all times herein relevant, plaintiffs were individuals residing in the County of Contra Costa, State of California.

7.    Plaintiffs  bring this action as a class action.  In this regard, plaintiffs act not only for themselves but as representatives of a class of similarly situated individuals who fall within the description set forth in paragraph 3, infra.

---

[1] See Paragraph 8, *supra*, for the definition of "HAZARDOUS FIREPLACE."

Individual and Class Action Complaint                3

## HAZARDOUS FIREPLACE

8. Defendants are the developers, designers, manufacturers, assemblers, testers, inspectors, marketers, advertisers, distributors and sellers of Superior and Lennox brand single pane sealed glass front gas fireplaces (hereafter "HAZARDOUS FIREPLACES"). Plaintiffs are the owners of homes and/or other residential dwellings in which said FIREPLACES are installed.

## DEFENDANTS

9. Defendant LENNOX HEARTH PRODUCTS, INC., ("Lennox Hearth") is a California corporation with its principal operations, including the development, design, testing, manufacturing and assembly, and distribution of a substantial percentage of HAZARDOUS FIREPLACES, occurring within the State of California. At all times relevant, Lennox Hearth designed, tested, manufactured, assembled, distributed, supplied, marketed, tested, advertised, provided warnings and instructions for, and/or sold the HAZARDOUS FIREPLACES.

10. Defendant LENNOX INTERNATIONAL, INC., ("Lennox International") is a Delaware corporation with its principal place of business in the State of Texas. At all times relevant, Lennox International developed, designed, manufactured, assembled, tested, distributed, supplied, marketed, advertised, provided warnings and instructions for, and/or sold HAZARDOUS FIREPLACES.

11. Defendant SUPERIOR FIREPLACE COMPANY ("Superior") is a corporation of unknown form and origin believed to have or have had its principal place of business in the State of California. At all or some portion of the relevant time frame of this litigation, Superior designed, manufactured, assembled, distributed, supplied, marketed, advertised, tested, provided warnings and instructions for, and/or sold the HAZARDOUS FIREPLACES.

12. Plaintiffs are further informed and believe and thereon allege that defendants, and each of them, were at all times herein mentioned the agents, servants, controlling and actively participating parents, subsidiaries, affiliates, relations, or employees of each of the other defendants, and were at all times herein mentioned acting within the course and scope of said agency, service and relationship, and with the consent and knowledge of, or in consort with, each other defendant.

13. In engaging in the conduct alleged herein, each Defendant acted as the agent for each of the other Defendants, or those defendants' predecessor in interest.

## GENERAL ALLEGATIONS

14. Defendants and each of them offered for distribution and sale the HAZARDOUS FIREPLACES with the specific intention and purpose that said FIREPLACES be installed by builders and others in residential homes and other dwellings throughout the United States. In so conducting themselves, defendants represented to consumers that said FIREPLACES were safe, of merchantable quality, and fit for their intended and reasonably foreseeable uses, and with sufficient protections and warnings regarding potential dangers and hazards which reasonable consumers would expect and assume to be provided in order to make a decision whether to purchase a home installed with the HAZARDOUS FIREPLACES or purchase a HAZARDOUS FIREPLACE.

15. Defendants and each of them failed to disclose the true facts, to wit, that the HAZARDOUS FIREPLACES are a dangerous and patently unsafe hazard to be used in a residence given the ability of the unguarded single pane glass sealed front to heat up to temperatures in excess of 350 degrees Fahrenheit - well in excess of a temperature necessary to cause third degree burns to skin contacting the glass even momentarily. This undisclosed and concealed hazard, previously known to defendants, creates an unreasonable potential for harm to owners of residential homes, dwellings and structures throughout the United States.

16. As a result of Defendants' conduct, and their omissions, the putative **CLASS**, including plaintiffs, purchased and/or otherwise came to own residential homes, dwellings and structures in which HAZARDOUS FIREPLACES are installed.

17. Plaintiffs and the **CLASS** lost money and suffered monetary damages as a result. Specifically, **CLASS** members paid a readily ascertainable amount for the HAZARDOUS FIREPLACES, which price along with the cost of installation was incorporated in the price of the homes and residences purchased. **CLASS** members have or will suffer further damage to the extent that said owners have or will incur the cost of replacing or retrofitting the HAZARDOUS FIREPLACES, and replacing said FIREPLACES with safe, merchantable products.

## CLASS ALLEGATIONS

18. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs seek certification of a national Class defined as follows:

> **All Consumers who are residents and/or domiciliaries of the United States and who own homes or other residential dwellings in which one or more HAZARDOUS FIREPLACES have been installed within ten (10) years prior to the date of the filing of this complaint.**

19. This action has been brought and may properly be maintained and certified as a **CLASS** action because:

(a) The questions and issues of law or fact raised herein are of a common or general interest, affecting a large **CLASS** of individuals and the public at large;

(b) The **CLASS** consists of a sufficiently large group of individuals, believed to exceed 100,000 members, and is so large that it is impractical to present all members of the **CLASS** before the Court as individual plaintiffs. Plaintiffs are informed and believe that the identity of class members is readily ascertainable from various sources including the examination of residences and builder records, and/or via simple notice by publication;

(c) The questions of law or fact common to the **CLASS** are substantially similar and predominate over those questions affecting only specific members of the **CLASS**.

(d) The **CLASS** is united by a community of interest in obtaining appropriate equitable relief including injunctive relief including recall and replacement of the HAZARDOUS FIREPLACES and restitution, penalties, damages, and other available relief designed to redress the wrongful conduct of Defendants.

(e) Plaintiffs are members of the **CLASS**, and their claims are typical of the **CLASS.**

(f) Named Plaintiffs will fairly and adequately represent the claims of the **CLASS**, and protect the interests of the **CLASS** without exercising personal interest or otherwise acting in a manner inconsistent with the best interests of the **CLASS**

generally.

(g) Named plaintiffs have retained attorneys experienced in the litigation of class and representative claims, and in the area consumer protection litigation who have agreed to and will responsibly and vigorously advocate on behalf of the **CLASS** as a whole.

(h) Without **CLASS** certification, the prosecution of separate consumer actions by individual members of the **CLASS** would be impracticable and financially difficult, and create a risk of repetitive, inconsistent and varying adjudications. This would have the effect of establishing incompatible standards of conduct for Defendants, discouraging the prosecution of meritorious but small claims, and/or result in adjudications which would be dispositive of the interests of other **CLASS** members not parties to the adjudication, or otherwise substantially impair the ability of **CLASS** members to protect their rights and interests.

(i) Defendants have acted or refused to act on grounds generally applicable to the **CLASS**, thereby making the award of equitable relief and/or restitution appropriate to the **CLASS** as a whole.

(j) The class action procedure is superior to other methods of adjudication, and specifically designed to result in the fair, uniform and efficient adjudication of the claims presented by this complaint. This **CLASS** action will facilitate judicial economy and preclude the undue financial, administrative and procedural burdens which would necessarily result from a multiplicity of individual actions.

## FIRST CAUSE OF ACTION
### (Unfair Business Practices)

20.   Plaintiffs hereby incorporate by reference paragraphs 1-19, as though fully set forth herein, and aver against Defendants, and each of them.

21.   California Business & Professions Code section 17200 precludes unfair competition, i.e., the employment of any unlawful, unfair or fraudulent business acts or practices; and any unfair, deceptive, untrue or misleading advertising violative of Ca. Bus. & Prof. Code section

17500. Said prohibition extends to any act, omission or conduct or pattern of activity engaged in within California which affects the rights of consumers within the State of California and elsewhere.

22. In marketing and selling the HAZARDOUS FIREPLACES, and in otherwise causing said FIREPLACES to be placed into the stream of commerce for use by consumers in the United States without disclosing the serious burn hazard they posed, and in continuing to conceal this critical safety information regarding the dangers associated with the use of the HAZARDOUS FIREPLACES, defendants and each of them made available for consumer use a dangerous and patently unsafe product which is not safely useable for its intended purpose.  Defendants were and remain obligated to make disclosure of the hazard associated with said FIREPLACES because of, inter alia, the public's reasonable expectation that said FIREPLACES would not under normal and expected use heat up on the exposed single pane glass sealed door to temperatures sufficient to inflict third degree burns and other catastrophic injuries on persons by simply inadvertently contacting with the surface of said glass front.  In failing to disclose what they knew and was readily apparent to defendants but not reasonable consumers regarding this critical safety issue, defendants engaged fraudulent conduct under Ca. Bus. & Prof. Code section 17200, and false and misleading advertising within the meaning of Ca. Bus. & Prof. Code section 17500 .

23. The aforementioned conduct is unlawful within the meaning of the UCL in that, inter alia, said conduct violates Ca. Civil Code section 1750, et seq. (hereinafter "CLRA") to the extent that defendants and each of them represented, by the omission and concealment of critical safety information well-known to defendants, that the HAZARDOUS FIREPLACE: (a) had characteristics, uses or benefits that it did not have in violation of Section 1770(a)(5) of the CLRA; and (b) was of a particular standard, quality or grade when it was of another in violation of 1770(a)(7) of the CLRA.

24. Defendants' conduct is unfair within the meaning of the UCL in that the  the alleged consumer injury is substantial, creating an unreasonable risk for catastrophic physical injury to any persons coming into contact with HAZARDOUS FIREPLACES.  There is no counterveiling benefit to having or continuing to conduct themselves in the wrongful manner averred to herein.

25. Were it not for the unfair competition of defendants, the **CLASS** would not have been able to nor would have purchased homes and residences within which the HAZARDOUS FIREPLACES had been installed, would not have installed HAZARDOUS FIREPLACES in their homes, and would not have continued to allow said FIREPLACES to remain installed in their homes and other dwellings.

26. The members of the **CLASS** have and will continue to suffer injury in fact and lose money as a direct result of Defendants' unfair competition in that each has expended money to purchase residences incorporating HAZARDOUS FIREPLACES or to purchase HAZARDOUS FIREPLACES, and have or will be caused to expend money and to remove said FIREPLACES from the homes and other residences they purchased and own.

27. As a result of Defendants' unfair competition, the **CLASS** is entitled to appropriate equitable relief including injunctive relief, and available monetary relief in the form of restitution (including fluid recovery if certified as a class action). Plaintiffs are also entitled to recover penalties as well as an award of attorneys' fees for prosecuting this action.

## SECOND CAUSE OF ACTION

**(Violation of the Consumer Legal Remedies Act)**

28. Plaintiffs, individually and for the **CLASS**, hereby incorporate by reference paragraphs 1-27, as though fully set forth herein, and averred against defendants, and each of them.

29. California Civil Code Section 1750, et seq., precludes defendants from representing that goods have characteristics and benefits which they do not have in transactions which are intended to result, or which have resulted in the sale, installation in homes and other dwellings, ownership and use of HAZARDOUS FIREPLACES by consumers.

30. In engaging in the conduct described herein, as more specifically set forth in paragraphs 14-16 of this Complaint, supra, defendants, and each of them, violated the Consumer Legal Remedies Act including Civil Code section 1770(a)(5).

31. Were it not for the misconduct of defendants, the **CLASS** would not have been able to and would not have purchased homes and residences within which the HAZARDOUS

FIREPLACES had been installed, would not have installed HAZARDOUS FIREPLACES in their homes, and would not have continued to allow said FIREPLACES to remain installed in their homes and residences.

32. The members of the **CLASS** have and will continue to suffer injury in fact, and lose money and suffer damages as a direct result of defendants' unfair competition in that each has expended money to purchase residences incorporating HAZARDOUS FIREPLACES and have or will be caused to expend money and to remove said FIREPLACES from the homes and other residences they purchased and own.

33. Notice in accordance with Ca. Civil Code section 1780 has been given on plaintiffs' behalf, a copy of which is attached hereto as Exhibit "A" to this Complaint. Despite this notice and demand for action, defendants have failed and refused to recall, remove or otherwise remedy the situation existing as a result of the presence and use of the HAZARDOUS FIREPLACES in homes and other dwellings in this state and throughout the United States.

34. Defendants, and each of them, know and have known, or have otherwise consciously ignored and disregarded, the patently dangerous temperatures the HAZARDOUS FIREPLACES are designed and manufactured to reach under normal, expected and reasonable use, and the extent of injury and disfigurement said FIREPLACES will cause. Defendants designed these fireplaces, which are in reality principally "ornamental" and serve no meaningful functional use at heights and in positions in family rooms which make vulnerable children and infants the HAZARDOUS FIREPLACES' most likely victims. They are aware of the extreme temperatures and continue to produce and sell HAZARDOUS FIREPLACES, claiming that they have not figured out a way to deal with the problem. Defendants have and continue to recklessly and intentionally ignore the danger they have created, failing to rectify the enormous risk by installing warnings or guards, even after receipt of plaintiffs' CLRA notice demanding such action, and with knowledge that other manufacturers of similar fireplace products have for several years been selling said similar products with mandatory protective glass front guards.

35. Defendants further have failed and continue to fail to recognize the reckless danger their HAZARDOUS FIREPLACES have created by ignoring the existence of an increasing body of

empirical evidence confirming the enormity of the problem their HAZARDOUS FIREPLACES have caused. For example, when Deirdre Wooldridge took her eleven month old daughter, Marin, to U.C. Davis Medical Center hospital in December, 2006, suffering from third degree palmar burns caused by a HAZARDOUS FIREPLACE, she was advised that her child was the eleventh child that month treated for serious gas fireplace burns. Recent studies, including a 2004 publication by the American Burn Association, memorialize the seriousness of the problem created by the HAZARDOUS FIREPLACES, recognizing: "an alarming [15 fold] increase in the incidence of pediatric palmar burns associated with gas fireplaces[,]" concluding that "the increasing popularity of these units places more children at risk." Given their preeminence in the industry, and their significant market share as a manufacturer and supplier of gas fireplaces, the statistics and information which are discussed herein are directly and reasonably attributable to the defendants' conduct in designing, manufacturing, distributing, advertising, marketing, and selling its HAZARDOUS FIREPLACES.

36. The information, including that referred to in paragraphs 33-35, supra, and knowledge was known to and ignored by defendants' officers and directors who made profit-directed decisions in a residential construction boom market in conscious disregard of the safety and well-being of California children and families, entitling the **CLASS** to an award of punitive damages.

37. As a result of the violations of the Consumer Legal Remedies Act engaged in by defendants, the **CLASS** is entitled to injunctive relief, monetary and punitive damages, penalties, and an award of attorneys' fees.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

38. Plaintiffs incorporate by reference all preceding paragraphs and averments as if fully set forth herein.

39. Defendants have been, and continue to be, unjustly enriched, to the detriment of and at the expense of the **CLASS** members, as a result of its unlawful and/or wrongful pattern of conduct directed against the **CLASS** as a whole and its resulting collection of money from the

sale of HAZARDOUS FIREPLACES.

40. Defendants have unjustly benefitted through the unlawful and/or wrongful collection of money from the sale of HAZARDOUS FIREPLACES, and continue to so benefit to the detriment and at the expense of **CLASS** members.

41. Accordingly, Defendants should not be allowed to retain the proceeds from the benefits conferred upon it by the **CLASS** members, who seek disgorgement of Defendants' unjustly acquired profits and other monetary benefits resulting from its unlawful conduct, and seek restitution and/or rescission for the benefit of the **CLASS** members, in an equitable and efficient fashion to be determined by the Court.

42. The **CLASS** members are entitled to the imposition of a constructive trust upon Defendants such that their enrichment, benefit and ill-gotten gains may be allocated and distributed equitably by the Court to and/or for the benefit of **CLASS** members.

## RELIEF REQUESTED

WHEREFORE, the **CLASS** prays judgment against defendants, and each of them, as hereinafter follows:

**ON THEIR FIRST CAUSE OF ACTION:**

1. Equitable and/or injunctive relief as appropriate;
2. Monetary relief including restitution (including fluid recovery if certified as a class);
3. Attorneys' fees and costs of suit;
4. Interest; and
5. Such other and further relief as the court deems proper.

**ON THEIR SECOND CAUSE OF ACTION:**

1. Damages including punitive damages;
2. Injunctive relief;
3. Penalties;
4. Attorneys' fees and costs of suit;
5. Interest; and
6. Such other and further relief as the court deems proper.

**ON THEIR THIRD CAUSE OF ACTION**:

1. Equitable relief in the form of restitution and disgorgement of profits;
2. Consequential damages; and
3. Imposition of a constructive trust over the revenues of sale and resulting profits received as a result of defendants' wrongful conduct.

DATED: February 4, 2008

CLAYEO C. ARNOLD
A Professional Law Corporation

By:_____
KIRK J. WOLDEN
Attorneys for the **CLASS**

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury of each cause of action set forth in this complaint and the issues in this matter.

Dated: February 4, 2008

CLAYEO C. ARNOLD
A Professional Law Corporation

By: _____
KIRK J. WOLDEN
Attorneys for the **CLASS**